[Cite as *Shupe v. Shupe*, 2019-Ohio-827.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| TERRY K. SHUPE | JUDGES: |
| | Hon. William B. Hoffman, P.J |
| Plaintiff – Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18CA25 |
| EDWARD SHUPE | |
| Defendant – Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS: Appeal from the Richland County Court of
Common Pleas, Domestic Relations
Division, Case No. 2013DIV1149


JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 11, 2019

APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

CHARLES D. LYNCH                    LORETTA RIDDLE
Six West Third Street, Suite 200      714 Franklin Street
Mansfield, Ohio  44902                 Sandusky, Ohio  44870

*Hoffman, P.J.*

**{¶1}** Defendant–appellant Edward Shupe appeals the February 22, 2018 Judgment Entry entered by the Richland County Court of Common Pleas, Domestic Relations Division, following this Court's remand in *Shupe v. Shupe*, 5th Dist. Richland App. No. 17CA2, 2017-Ohio-5864. Plaintiff–appellee is Terry Shupe.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant and Appellee were married on October 14, 1989. Two children were born as issue of the marriage. The children are not subject to this Appeal. Appellee filed a Complaint for Divorce on November 12, 2013.

**{¶3}** The magistrate conducted four days of hearings relative to the division of the parties' real and personal property between June, and November, 2015. Via Decision filed January 8, 2016, the magistrate divided the parties' property. Appellant and Appellee filed respective objections to the magistrate's decision. Via Judgment Entry filed November 23, 2016, the trial court overruled Appellant's objections, and approved and adopted the magistrate's decision with modifications. The trial court issued a Final Judgment Entry Decree of Divorce on December 16, 2016.

**{¶4}** Appellant filed a timely appeal to this Court, raising nine assignments of error. Ultimately, this Court affirmed the trial court's decision in part, but reversed and remanded for further proceedings with respect to the trial court's award of attorney fees, the valuation of a 2008 Toyota Tundra, the classification of two $13,000.00 checks from Appellee's grandfather payable to each party individually as Appellee's separate property, and the sale of the real property.

**{¶5}** This Court specifically instructed the trial court as follows:

1. [W]e remand this issue to the trial court to determine appellee's attorney fees incurred because of the discovery issue/motion to compel and award appellee that amount.

2. We hereby order the trial court to adopt the $12,400.00 valuation for the 2008 Toyota Tundra.

3. This matter is remanded to the trial court for a determination on the division of the monies deposited into ($26,000.00) and remaining ($7,495.16) in the Ameriprise account given that withdrawals were made by appellee to pay living expenses before ($17,000.00) and after ($7,300.00) appellant moved out of the marital residence.

4. [Appellant] or a third party is entitled to purchase the parcel at the "best price obtainable." The vacant parcel remains with the home and storage barn parcel; however, appellant may access the driveway on the parcel.

{¶6} Pursuant to our remand, the trial court conducted a hearing on February 20, 2018. At the hearing, the trial court also addressed Appellant's Immediate and Emergency Motion to Compel Access to Defendant's Place of Business filed on September 25, 2017; Appellant's Motion to Compel Sale of Shop Parcel and Motion to Vacate Final Judgment Entry Decree of Divorce filed on December 18, 2017; and Appellee's motion filed on January 18, 2018.

{¶7} The trial court issued its Judgment Entry on February 22, 2018, addressing each of the issues identified by this Court. The trial court determined Appellee incurred

attorney fees in the amount of $1,720 (8.5 hours x $200/hr) because of the discovery issue/motion to compel, and awarded the same to Appellee. The trial court adopted the $12,400.00 valuation for the 2008 Toyota Tundra. The trial court found the $17,000.00 withdrawn from the Ameriprise account prior to Appellant moving out of the marital residence was used for the benefit of both parties and their children, no longer existed, and was not subject to division. The trial court determined the $7,300.00 Appellee withdrew after Appellant left was used to pay bills associated with the marital residence and to support the parties' children. The trial court concluded an equal division of the monies would not be equitable and awarded the entire amount to Appellee. The trial court also awarded the remaining $7,495.16 in the Ameriprise account to Appellee.

{¶8} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY FAILING TO FOLLOW AN APPELLANT [SIC] REMAND AND ABUSES ITS DISCRETION IN ORDERING DEFENDNAT [SIC] TO PAY $1,720 FOR PLAINITFF'S [SIC] ATTORNEY FEES.

II. THE TRIAL COURT ABUSES ITS DISCRETION IN ORDERING DEFENDNAT [SIC] TO PAY $1,960 FOR PLAINITFF'S [SIC] ATTORNEY FEES ASSOCIATED WITH THIS COURT'S REMAND AND MOTIONS FILED AFTER THE REMAND DURING A TIME PERIOD IN WHICH DEFENDANT WAS PRO-SE.

III. THE TRIAL COURT ERRED TO THE PREJUDICE OF

DEFENDANT IN NOT FOLLOWING AN APPELLANT [SIC] REMAND AND AGAIN AWARDING PLAINITFF THE MONIES IN THE AMERIPRISE ACCOUNT WITHOUT (FOR A SECOND TIME) PLAINITFF PRESENTING CLEAR AND CONVINCING EVIDENCE THAT THE MONIES WERE A GIFT SOLELY TO HER.

IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN NOT FOLLOWING AN APPELLANT [SIC] REMAND REGARDING THE SALE OF THE PROPERTY.

I.

**{¶9}** In his first assignment of error, Appellant contends the trial court erred in failing to follow this Court's remand and abused its discretion in ordering him to pay $1,720.00 to Appellee for attorney fees incurred as a result of the discovery issues/motion to compel. Specifically, Appellant challenges the reasonableness of Appellee's counsel's hourly rate and the amount of time expended.

**{¶10}** In *Shupe I*, this Court found:

We find the trial court did not abuse its discretion in awarding attorney fees for the time spent on the preparation and prosecution of the motion to compel including hearing time, as well as the time spent on attempting to resolve the discovery matter via emails to appellant on December 19, 2014, and January 9, 13, and 20, 2015, as outlined in the

motion to compel filed January 21, 2015. However, we find the trial court abused its discretion in awarding attorney fees to appellee for the entire time appellant was pro se.

A review of Plaintiff's Exhibit 6 does not reveal what charges are attributable to the discovery issue and the motion to compel. *We note, as did the trial court, no testimony was presented as to the reasonableness of the charges. However, appellant did not object to the admission of the exhibit nor request a hearing on the reasonableness of the fees.* T. at 166–168, 187–188.

Upon review, we remand this issue to the trial court to determine appellee's attorney fees incurred because of the discovery issue/motion to compel and award appellee that amount.

**{¶11}** *Id*. at 36-38.  (Emphasis added).

**{¶12}** As we found in *Shupe I*, Appellant did not object to the admission of Plaintiff's Exhibit 6 nor did he request a hearing on the reasonableness of the fees. Because Appellant failed to object at the original hearing, he waived his right to object at the remand hearing as well as his right to assign as error the reasonableness of said fees on appeal from the trial court's decision on remand.

**{¶13}**  Notwithstanding Appellant's waiver of the issue, Appellee presented expert testimony from Attorney Anica Blazef-Horner at the remand hearing relative to the reasonableness of the fees.  Attorney Blazef-Horner testified the fees Appellee incurred were both reasonable and necessary. The trial court was free to accept the testimony of

Appellee's expert witness. The trial court determined Appellee's attorney spent 8.6 hours on the discovery issue/motion to compel and awarded fees at a rate of $200/hour for a total of $1,720.00. We have reviewed the transcript of the remand hearing and find trial court complied with this Court's remand order by determining the attorney fees Appellee incurred because of the discovery issue/motion to compel.

{¶14} Appellant's first assignment of error is overruled.

II.

{¶15} In his second assignment of error, Appellant submits the trial court abused its discretion in ordering him to pay Appellee's attorney fees associated with this Court's remand.

{¶16} R.C. 3105.73(B) provides:

In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶17} An award of attorney fees related to a post-decree motion or proceeding will not be overturned absent an abuse of discretion. *Baker–Chaney v. Chaney*, 5th Dist.

Holmes No. 16CA005, 2017–Ohio–5548, ¶ 46, citing *Roubanes v. Roubanes*, 10th Dist. No. 14AP–183, 2014–Ohio–5163, 2014 WL 6482785, ¶ 6.

**{¶18}** Appellant argues, "[t]he majority of the attorney fees sought by [Appellee] were because of this Court's remand and for filings that were done by [Appellant] because the trial court gravely delayed in following this Court's remand." Brief of Appellant at 15. Appellee incurred attorney fees post-decree. R.C. 3105.73(B) specifically authorizes a trial court to award attorney fees in such a situation "if the trial court finds the award equitable." The trial court ordered Appellant to pay Appellee's attorney fees associated with the remand based upon Appellant's conduct, to wit: his failure to pay child support, failure to pay his share of uninsured health care expenses for the child, and failure to pay his share of maintenance costs for the real property. The trial court clearly found the award to be equitable. We find the trial court did not abuse its discretion in ordering Appellant to pay the attorney fees Appellee incurred following this Court's remand.

**{¶19}** Appellant's second assignment of error is overruled.

III

**{¶20}** In his third assignment of error, Husband asserts the trial court erred in failing to follow this Court's remand instructions and again awarding Appellee the monies in the Ameriprise account when Appellee failed to establish by clear and convincing evidence the monies were a gift solely to her.

**{¶21}** In *Shupe I*, supra, we found:

> We acknowledge a trial court is vested with determining the credibility of the witnesses. *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d

77, 461 N.E.2d 1273 (1984). However, the standard is clear and convincing evidence. We do not find the trial court had sufficient evidence before it to satisfy the requisite degree of proof of clear and convincing evidence: a firm belief or conviction that the grandfather's gifts of a $13,000.00 check to appellee and a $13,000.00 check made payable to appellant were intended to be appellee's separate property. The grandfather had a history of gifting money to appellee that was intended to be used as marital property e.g. $10,000.00 toward the mortgage of the marital real estate.

Upon review, we find the trial court erred in designating the two $13,000.00 checks to be appellee's separate property. This matter is remanded to the trial court for a determination on the division of the monies deposited into ($26,000.00) and remaining ($7,495.16) in the Ameriprise account given that withdrawals were made by appellee to pay living expenses before ($17,000.00) and after ($7,300.00) appellant moved out of the marital residence. *Id.* at para. 60 and 61.

**{¶22}** R.C. 3105.171(C)(1) states, "Except as provided in this division * * * the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

**{¶23}** On remand, the trial court found, as it did in its original Final Judgment

Decree of Divorce, even if the Ameriprise account was marital property, it would not be equitable to divide the same equally. The trial court explained Appellant is, and has been, voluntarily unemployed and underemployed. As a result, the parties and their children experienced financial problems and Appellee needed to withdraw money from the Ameriprise account.

**{¶24}** Assuming, arguendo, the trial court erred in failing to finding the Ameriprise account was marital property, we find the trial court was well within its discretion to divide the account equitably rather than equally. Our remand instructions did not preclude the trial court from making an equitable division of the Ameriprise account.

**{¶25}** Appellant's third assignment of error is overruled.

IV

**{¶26}** In his final assignment of error, Appellant maintains the trial court erred in failing to follow this Court's remand instructions relative to the sale of the property.

**{¶27}** In *Shupe I*, supra, this Court determined:

We do not find the trial court abused its discretion in awarding appellee exclusive use of the parcel with the home and storage barn until the child is emancipated. However, we find the trial court abused its discretion in denying appellant's request for the immediate sale of the parcel with the shop building. Appellant has made a full offer to purchase the parcel. He or a third party is entitled to purchase the parcel at the "best price obtainable." The vacant parcel remains with the home and storage barn parcel; however, appellant may access the driveway on the parcel. *Id.* at

para. 94.

**{¶28}** We find this assignment of error to be moot as the trial court's February 2, 2018 Judgment Entry ordered the immediate sale of the property.

**{¶29}** Appellant's fourth assignment of error is overruled as moot.

**{¶30}** The judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur